## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5893 | **DATE** | 12/4/2002 |
| **CASE TITLE** | Zdravkovic vs. U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order Regarding Sanctions Against Plaintiffs' Attorney, plaintiffs' counsel Glenn Seiden is ordered to read the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit within 7 days of this Order. Mr. Seiden is also warned that any future conduct reflecting disrespect for the Court or disregard for counsel's obligations will be further punished and may be referred for disciplinary proceedings.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12/5/2002 | |
| MW | courtroom deputy's initials | 02 DEC -4 PM 2:00 Date/time received in central Clerk's Office | date mailed notice MW mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**DEC 0 5 2002**

| | |
|---|---|
| MIRA ZDRAVKOVIC, et al., <br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | Cause No. 01-C-5893 <br><br> Judge Ronald A. Guzman <br> Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER
## REGARDING SANCTIONS AGAINST PLAINTIFFS' ATTORNEY

Geraldine Soat Brown, United States Magistrate Judge

This case was referred to this Court by District Judge Guzman on July 9, 2002 for a settlement conference. [Dkt # 9.] The underlying action is a claim against the United States under 28 U.S.C. § 1346(b)(1) for personal injuries allegedly incurred by the three plaintiffs as a result of a collision with a U.S. Postal Service truck in 1998. A settlement conference was held by this Court on September 26, 2002, following which the plaintiffs' attorney, Glenn Seiden, was ordered to show cause why he should not be sanctioned for his conduct at the settlement conference. [Dkt #14.] In response, Mr. Seiden filed Plaintiffs' Response to Courts [*sic*] Sua Sponte Motion. [Dkt #16.] For the reasons set out herein, Mr. Seiden is ordered to read the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit. Mr. Seiden is also warned that any future conduct reflecting disrespect for the Court or disregard of counsel's obligations will be further punished and may be referred for disciplinary proceedings.



It is important to note at the outset that this issue has nothing to do with whether a settlement is reached in this case or not.[1] Each party has the absolute right to decide whether to settle a claim or to proceed to judgment. However, no party or lawyer has the right to disregard the Court's orders, to demean the dignity of the Court, or to waste the Court's or another party's time and money. The Court has the right and responsibility to enforce its orders, the Federal and Local Rules and to exercise the inherent authority of the Court to prevent, remedy and punish any such abuse.

In this case, the following conduct occurred in the presence of this Court.

Prior to the initial status hearing on July 22, 2002, to set the date for the settlement conference, counsel for both parties were sent a copy of this Court's Standing Order for Settlement Conference, which provides in part:

> The Court generally will follow a mediation format: that is, each side will make an opening presentation to the other side, which will be followed by joint discussion with the Court and private meetings by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate in the discussions. (Standing Order ¶ 4.)
>
> All participants in the settlement conference must stay until 5:00 p.m. (CST), unless the Court terminates the conference earlier. (*Id.* ¶ 2.)
>
> Any party who wishes to vary any of the procedures set forth in this standing order should make an appropriate request to the Court prior to the exchange of settlement letters described above. (*Id.* at 3.)

The Standing Order also lists nine issues to be discussed at the settlement conference. (*Id.* ¶ 6.)

At the initial status, pursuant to that Standing Order, Postal Service counsel with authority to settle was ordered to be present personally at the settlement conference, although that counsel,

---

[1] Apparently, a settlement may have been reached because the District Judge dismissed the case without prejudice on November 15, 2002, with leave to reinstate by January 15, 2003. [Dkt # 17.]

2

Joseph Doyle, lives and works in St. Louis.

Also, at that initial status, counsel advised the Court that the plaintiffs' native language is Croatian, that two of the plaintiffs speak little or no English, and one speaks limited English. In order that the plaintiffs could participate meaningfully in the settlement conference, a Croatian language interpreter was required to be present at the settlement conference. Although the government is not required to provide an interpreter for this civil matter, the defendant Postal Service obtained and paid an Croatian interpreter to be present at the settlement conference.

Pursuant to this Court's Standing Order, the defendant was required to serve a settlement letter. That letter generated the first offer ever made to the plaintiffs to settle this case.

At the settlement conference held on September 26, 2002, the plaintiffs' counsel Mr. Seiden committed the following acts that impeded the settlement process and demeaned the dignity of the Court.

First, from the earliest opportunity, Mr. Seiden criticized the Court's method of conducting the settlement conference, complaining that he does not like the mediation style of conducting settlement conferences. Following the Court's meeting with the parties, Mr. Seiden continued this criticism in the presence of court staff as he walked down the corridors. It is not appropriate for counsel to criticize the Court's method of conducting a settlement conference while the Court is in the process of conducting the conference. In addition to the inherent disrespect and outright rudeness, criticizing the Court in the presence of the plaintiffs has an obvious negative effect on the Court's ability to facilitate a settlement. The fact that the settlement conference would be conducted in a mediation style was expressly set out in the Standing Order. If Mr. Seiden was so adverse to a mediation style settlement conference, he should have availed himself of the remedy set out in the

Standing Order. Having not done so, he should have adapted his conduct to the requirements of the Standing Order.

Second, Mr. Seiden raised his voice and literally shouted at the Court as the Court was trying to explain to him and to the plaintiffs why the defendant believed that its second, higher offer was reasonable, and why the defendant might have a different view of the merits of the case. A party and its counsel have an absolute right to disagree with the Court and the other party on the merits of the case. A frank discussion of the merits is expected and customary in a settlement conference. However, it is *never* appropriate for a lawyer to raise his voice to a Judge in the midst of a court proceeding, let alone to shout. Mr. Seiden's behavior was all the more egregious in light of the fact that the Court was providing hours of judicial time as well as the Court's facilities in the effort to obtain a settlement that would resolve the plaintiffs' claim. Again, his behavior demeaned the Court in the presence of the plaintiffs as well as interfered with the Court's ability to assist the parties to reach a settlement.

Third, after the defendant made its third offer, this Court conveyed that offer to the plaintiffs and their counsel, and then left them so that they could discuss the offer. As admitted in Mr. Seiden's Response (at ¶ 10), the Court told Mr. Seiden that it would not put up with any more of his shouting. Shortly thereafter, Mr. Seiden and his clients walked out of the settlement conference without making a decision on the offer, without even advising the Court or the Court's staff that they were leaving. As reported to the Court by the defendant's counsel, Mr. Seiden advised defendant's counsel that the plaintiffs would "sleep on it." He did not seek the Court's leave to depart from the settlement conference, notwithstanding the requirement of the Standing Order that parties remain until 5:00 p.m. unless the Court terminates the conference earlier.

In addition to violating the Standing Order, Mr. Seiden's conduct in departing the settlement conference without notice displayed a total absence of respect or even fundamental courtesy. Furthermore, Mr. Seiden had no authority to assume unilaterally that he could extend the defendant's offer beyond the duration of the settlement conference, particularly in light of the Court-ordered attendance of Postal Service counsel Joseph Doyle at the settlement conference. Counsel Doyle was entitled to the reasonable expectation that the plaintiffs would make a decision here at the settlement conference about the defendant's offer.

This Court set aside one-half day of Court time, from 1:30 p.m. to 5:00 p.m. for the settlement conference in an effort to resolve the plaintiffs' four- year-old claim. Because of this Court's procedures, including the mediation format set out in the Court's Standing Order, plaintiffs received their first offer ever in this case, and were provided not only with the opportunity to have 3 ½ hours of the Court's time, but with an interpreter to make that time meaningful for them. Instead of appreciating this opportunity and complying with the Standing Order and the obligations of counsel to the Court, Mr. Seiden, demeaned the Court's efforts and walked out without obtaining leave of the Court or making an decision on the final offer.

Mr. Seiden's Response does not deny any of the behavior described above. He does not deny that he shouted at the Court. He admits that he criticized the mediation style of settlement conference. (Response ¶ 3.) He admits that he and his clients walked out of the conference without accepting or rejecting the offer or even advising the Court that they were leaving. (*Id.* ¶ 10.)

Contrary to the argument in the Response, what prompts the consideration of sanctions is not the fact that the plaintiffs disagreed with the defendant's arguments as presented by the Court during the caucuses with the plaintiffs. After all, this Court has absolutely no stake whatsoever in

5

who is right and who is wrong in the underlying dispute. When a case is referred only for settlement conference (as this one was), the Magistrate Judge's calendar is not affected one way or the other whether the case settles or not. The purpose of meeting with a Judge in a settlement conference is so that the Court may work to bring each side to an understanding of, not necessarily agreement with, the position of the other side. That understanding, along with comments and questions from the Court, may prompt both sides to reevaluate their own positions and make sufficient movement to achieve a settlement. If one party's counsel, instead of listening with respect and, if necessary, disagreeing with respect, instead tries to shout down the Judge, as Mr. Seiden did here, the Court's whole effort is a waste of time.

Mr. Seiden's behavior violated this Court's Standing Order for Settlement Conference as well as Rule 16 of the Federal Rules of Civil Procedure, which require parties and their counsel to participate in settlement conferences in good faith. Sanctions, including fines, may be imposed for violation of a court's orders relating to settlement conferences. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594-95 (8th Cir. 2001).

In determining the appropriate sanction in this case, it is of great concern that Mr. Seiden's conduct in this instance is apparently not an aberration. Opinions by various courts describe conduct by Mr. Seiden demonstrating disrespect for the court and disregard of his obligations to his clients, in some instances with very serious consequences for the client. *See, e.g., Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406 (7th Cir. 1997)(plaintiff's counsel, including Mr. Seiden, failed to file a responsive statement required by local rules in opposition to defendant's statement in connection with motion for summary judgment; defendant's statement was deemed admitted; defendant awarded its costs because plaintiff's appeal was frivolous); *U.S. v. Levine*, 180 F.3d 869,

6

872 (7th Cir. 1999) ("[T]his judge had ample reason to become impatient with Levine's lawyer [Mr. Seiden] and to interrupt his examination of witnesses"); *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Assn.*, 608 N.E.2d 28 (Ill. App. 1993)(appeal dismissed because plaintiff's submissions on appeal failed to meet the minimum technical requirements of the Illinois Supreme Court rules); *U.S. ex rel Erickson v. Schomig*, 162 F. Supp. 2d 1020 (N.D. Ill. 2001), (Manning, J.)(defendant sentenced to death penalty granted writ of habeas corpus on ground that his counsel (Mr. Seiden) failed to verify background of proposed expert witness); *U.S. ex rel Erickson v. Schomig*, No. 99 C 6468, 2001 WL 1607654, *5 (N.D. Ill. Dec. 13, 2001) (Manning, J.)(defendant's lead counsel (Mr. Seiden) failed to appear in court for argument at sentencing in death penalty case, leaving associate lawyer to make the argument).

That track record suggests that the modest monetary fine that might be imposed in the present circumstances is hardly likely to be effective. It is much more important that Mr. Seiden consider the obligations of counsel to the court, opposing counsel, and his clients, and evaluate his conduct in light of those obligations. Thus, Mr. Seiden is hereby ordered to read the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit within seven days of this Order.[2] He is also warned that any future conduct reflecting disrespect for the Court or disregard of counsel's obligations will be further punished and may be referred for disciplinary proceedings.

**IT IS SO ORDERED.**

GERALDINE SOAT BROWN
**United States Magistrate Judge**

**DATED: December 4, 2002**

---

[2] That document is available on the website for the Seventh Circuit Court of Appeals or from the Clerk of the Court.